**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 30 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

STATE FARM FIRE AND
CASUALTY COMPANY,

Plaintiff-Appellee,

v.

WESLEY LYTLE,

Defendant-Appellant,

and

DEWAYNE EDWARD NEWMAN;
KIMBERLY A. NEWMAN,

Defendants.

No. 97-6013
(D.C. No. 95-CV-1387)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, McKAY, and BALDOCK, Circuit Judges.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

State Farm Fire and Casualty Company sought and received a declaratory judgment that the homeowner's policy it issued to defendants DeWayne Edward Newman and Kimberly A. Newman does not obligate it to cover the damages resulting from DeWayne Newman's shooting of defendant Wesley Lytle.

The following facts were stipulated.  Kimberly Newman called her brother, Wesley Lytle, after a domestic quarrel between her and her husband DeWayne. DeWayne threatened to get his gun if Wesley came to the Newman's home, and after Kimberly left the house, he went to the backyard shed to get ammunition for his shotgun, returned to the house and loaded his twelve-gauge shotgun with five rounds of ammunition.  DeWayne then waited for Wesley to arrive.  Wesley knocked at the Newman's front door and, when there was no answer, kicked in a door panel.  DeWayne then aimed the shotgun at the opening in the door and shot at Wesley, wounding him.

State Farm contends there is no insurance coverage because DeWayne's actions were not an accident under the policy's "occurrence" clause and, moreover, the policy's intentional act exclusion provision excludes coverage

because DeWayne's actions were intentional. DeWayne contends that there is coverage because he only meant to scare Wesley, not harm him, and that he acted in self-defense.

The district court carefully and thoroughly analyzed the issues in light of the record. We have also carefully reviewed the parties' briefs, the record on appeal, and the district court order, and we affirm for substantially the reasons given by the district court. It is clear from the stipulated facts that DeWayne's shooting was not an unexpected or unintended event. See Farmers Alliance Mut. Ins. Co. v. Salazar, 77 F.3d 1291, 1297 (10th Cir. 1996) (defining "occurrence;" applying Oklahoma law). It is equally clear that DeWayne's intent to harm Wesley can be inferred from his preparation, lying in wait, and direct aiming of the shotgun at Wesley. See Allstate Ins. Co. v. Hiseley, 465 F.2d 1243, 1248 (10th Cir. 1972) ("[p]ersons are presumed to intend the natural and probable consequences of their acts;" applying Oklahoma law). Finally, the district court correctly found that there is nothing in the record to indicate that coverage for acts of self-defense can be inferred from either the policy or any actions by State Farm.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge